IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PERCY CHAPMAN, #05084307, | ) | |
|        Petitioner, | ) | |
| | ) | |
| v. | ) | 3:05-CV-02459-B |
| | ) | ECF |
| 305TH JUDICIAL DISTRICT COURT, | ) | |
|        Respondent. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order in implementation thereof, this cause has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a petition for habeas corpus relief brought pursuant to 28 U.S.C. § 2241, *et seq.*, by a county inmate imprisoned for civil contempt.[1]

Parties: Petitioner is presently incarcerated at the Dallas County Jail in Dallas, Texas. Respondent is the 305 Judicial District Court of Dallas County, Texas. The Court did not issue process in this case, pending preliminary screening. On December 21, 2005, the Court issued a

---

[1] Petitioner submitted his petition on the standard form for filing a "petition for writ of habeas corpus by a person in state custody," under 28 U.S.C. § 2254(a). The Court liberally construes his petition as brought pursuant to 28 U.S.C. § 2241. Section 2254 is reserved for habeas applications on "behalf of a person in custody pursuant to the judgment of a State court." See 28 U.S.C. § 2254(a). Petitioner is not in custody within the meaning of § 2254; rather he is in custody by virtue of a civil contempt proceeding. As such this action falls under § 2241(c)(3), which applies to those "in custody in violation of the Constitution or laws or treaties of the United States."

questionnaire to Petitioner, who filed his answers on January 4, 2006.

Statement of the Case: In his federal habeas petition, Petitioner challenges his confinement as a result of a contempt order for failing to pay child support from the 305th Judicial District Court of Dallas County, Texas, in Cause No. 85-522-X. (Answer to Question 1). He alleged he was confined from December 18, 2004, until August 20, 2005, two months beyond his 180-day sentence. (Answer to Question 3). On October 20, 2005, Petitioner was allegedly re-incarcerated for the "same 'charge.'" (Id.). The petition alleges a denial of effective assistance of counsel and a violation of the double jeopardy and due process clauses. (Petition at 7-8).[2]

Findings and Conclusions: Before reaching the merits of Petitioner's claims, the Court must determine whether he has exhausted his state court remedies. See Dickerson v. Louisiana, 816 F.2d 220, 225 (5th Cir. 1987) (holding that federal courts may require that petitioners under § 2241 exhaust state habeas relief before seeking federal habeas review). In order to exhaust state remedies, a petitioner must present all of his claims to the highest state court for review. Ridgway v. Baker, 720 F.2d 1409, 1412-13 (5th Cir. 1983) (nonsupport contempt action).

In Texas, the only method to challenge a contempt order (if the contemnor is confined and the matter stems from a civil law matter) is through an original habeas corpus proceeding in

---

[2] A person incarcerated for civil contempt is "in custody" for purposes of invoking habeas jurisdiction under 28 U.S.C. § 2241. See Fernos-Lopez v. Figarella Lopez, 929 F.2d 20, 23 (1st Cir. 1991); see also Leonard v. Hammond, 804 F.2d 838, 840 (4th Cir. 1986) (indigents, imprisoned for civil contempt for failure to pay child support, could challenge constitutionality of confinement in habeas corpus action); Ridgway v. Baker, 720 F.2d 1409 (5th Cir. 1983) (habeas granted to civil contemnor imprisoned for nonsupport).
  "The purpose of a writ of habeas corpus is not to determine the guilt of the contemnor, but to determine whether he was afforded due process of law or if the order of contempt is void." Ex parte Binse, 932 S.W.2d 619, 620 (Tex. App. – Houston 1996) (citing Ex parte Gordon, 584 S.W.2d 686, 699 (Tex. 1979)).

the Texas Supreme Court and Courts of Appeals. See Tex. R. App. P. 52; Ex parte Acker, 949 S.W.2d 314, 316 (Tex. 1997) (civil and criminal contempt order presented to Texas Supreme Court in an original habeas corpus proceeding); Ex parte Rojo, 925 S.W.2d 654, 655 (Tex. 1996) (per curiam) (same); Ex parte Barnett, 600 S.W.2d 252, 253 (Tex. 1980) (same). The Texas Supreme Court has jurisdiction to issue writs of habeas corpus in civil matters pursuant to Texas Constitution Art. V, § 3 and Texas Government Code § 22.002(e) (Vernon Supp. 2005) (formerly Tex. Rev. Civ. Stat. Ann. art. 1737). Concurrently with the Texas Supreme Court, the Courts of Civil Appeals have jurisdiction to issue such writs in cases related to divorce, spouse or child support, or child custody as prescribed by Texas Government Code § 22.221(d) (Vernon Supp. 2005) (formerly Tex. Rev. Civ. Stat. Ann. art. 1824a).[3]

Petitioner has failed to take any steps to exhaust his state remedies. He acknowledges as much in answer to the questionnaire. (See Answer to Question 3). Therefore, this petition should be dismissed without prejudice for failure to exhaust state court remedies.

---

[3] Courts of Civil Appeals were given habeas corpus jurisdiction in 1969 in order to relieve the Supreme Court of the vast workload associated with writs of habeas corpus arising out of divorce and family matters. Ex parte Dillard, 577 S.W.2d 519, 521 (Tex. Civ. App. – Texarkana 1979, no writ). Ordinarily, the Supreme Court will refuse to entertain writs of habeas corpus in family code matters unless the Court of Civil Appeals' concurrent jurisdiction has been unsuccessfully sought. Id.

In addition to its appellate jurisdiction, the Texas Court of Criminal Appeals has original jurisdiction to entertain applications for writ of habeas corpus in both civil and criminal law matters. See Tex. Const. Art. V, § 5; Ex parte Moorehouse, 614 S.W.2d 450, 451 (Tex. Crim. App. 1981). Pursuant to its discretion, however, the Court of Criminal Appeals has declined to issue writs in cases arising out of civil matters where writ relief might also be sought from the Texas Supreme Court. Ex parte Wolf, 34 S.W.2d 277, 279 (Tex. Crim. App. 1930) (opinion on motion for rehearing). Accord Ex parte Cvengros, 384 S.W.2d 881, 882 (Tex. Crim. App. 1964); Moneyhun v. State, 140 S.W.2d 448, 449 (Tex. Crim. App. 1940); Ex parte Sauser, 554 S.W.2d 239, 240 (Tex. Civ App. – Dallas 1977, no writ).

RECOMMENDATION

For the foregoing reasons, it is recommended that the District Court dismiss the petition for writ of habeas corpus without prejudice for failure to exhaust state court remedies.

A copy of this recommendation will be mailed to Petitioner.

Signed this 27th day of January, 2006.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.